UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MARGARET CLARK,  Case No.: 10-76504-wsd
f/k/a MARGARET BODIN,  Chapter 7
f/k/a MARGARET McMURTRY,  Hon. Walter Shapero

       Debtor,
_____/

DENNIS BODIN,

       Plaintiff,

                                         Adv. Pro. No.: 11-05008-wsd

vs.

MARGARET CLARK,
f/k/a MARGARET BODIN,
f/k/a MARGARET McMURTRY,

       Defendant.
_____/

## OPINION DECLARING A DEBT NON-DISCHARGEABLE

This is an 11 U.S.C. § 523(a)(15) proceeding submitted to the Court for a decision on briefs and stipulated facts and exhibits, with a waiver of oral argument. The Debtor Margaret Clark ("Defendant") is the former wife of Dennis Bodin ("Plaintiff") from whom she was divorced prior to the filing of her bankruptcy case. The dispute involves the appropriate characterization of certain sums required under an amended divorce judgment to be paid by the Defendant to the Plaintiff.

The salient and determinative evidence may be fairly summarized as follows: (1) an amended judgment of divorce (a) awarded the Plaintiff certain specified items of personalty setting their value at $5,046.00, and required the Defendant to pay the Plaintiff that dollar sum for them,

1

if and to the extent she did not deliver them to him within a certain time; and (b) ordered the Defendant to return to the Plaintiff another personalty item, the value of which was set at $2,000.00, also requiring payment of that amount if the item was not delivered to the Plaintiff by a specified time; and (c) that amended judgment also additionally stated "[the Plaintiff] is awarded the $2,000.00 contributed by the [Plaintiff] to his retirement savings during his marriage"; (2) none of the items were delivered to the Plaintiff, nor were any of the required sums paid; (3) $500.00 in attorney fees were undeniably awarded by the State Court to the husband incident to the contempt hearing arising out of the Defendant's failure to make the indicated payments, and (4) the bankruptcy case was filed before an order could be issued relative to award and payment of the said $500.00.

The issues here are the amount and dischargeability of the indicated obligations of the Defendant, owed to the Plaintiff. As to the amount, the Plaintiff argues it is $9,546.00 being the sum of the three above referred to items in the amended divorce judgement, plus the $500.00 in attorney fees. There can be no argument that at the very least the amount is $7,046.00. The language of § 523(a)(15) says a debt is non-dischargeable "if incurred by the debtor in the course of a divorce...or in connection with a....divorce decree or other order of a court of record[.]" One would be extremely hard put to conclude that language does not fit the facts here, in respect to above referred to items (1)(a) and (b). And, the same is true with respect to the attorney fees of $500.00. The language and intention of the statute is broad and encompassing. Amounts to be paid as sanctions or costs arising out of a failure to comply with a divorce judgment must necessarily be considered as being "in connection with" both the divorce judgment and an "order of a court of record," effectuating same.

2

11-05008-wsd    Doc 21    Filed 06/29/12    Entered 06/29/12 14:24:30    Page 2 of 3

However, the Court does agree with the Defendant that the $2,000.00 relative to the contribution by the husband to his retirement savings account should not be included or considered as an additionally payable non-dischargeable debt. The Defendant already had that amount in his possession and control and given those facts it would make sense that the provision in question was apparently only intended or logically needed to clarify that the Defendant had no interest in that which was already his in that form and under his possession and control and that such remained his.

The Plaintiff shall present an order consistent with this Opinion.

**Signed on June 29, 2012**

                                            **/s/ Walter Shapero**
                                     **Walter Shapero**
                                     **United States Bankruptcy Judge**